# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GUSTAVO NURICUMBO MORENO,

      Petitioner,

    v.                              Case No. 1:26-cv-02025 KWR-JMR

WARDEN, *Torrance County Detention Facility*,
TODD M. LYONS, *Acting Director of*
*Immigration And Customs Enforcement*,
MARY DE ANDA-YBARRA, *El Paso Field Office*
*Director for Detention and Removal,*
*U.S. Immigration and Customs Enforcement,*
TODD BLANCHE, *Attorney General of the United States, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*Of Homeland Security*,

      Respondents.

## <u>ORDER DENYING HABEAS PETITION</u>

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen in ICE custody. Petitioner received a bond hearing under 8 U.S.C. § 1226(a) but now seeks release from ICE custody. Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED**. To the extent the Court lacks jurisdiction, the Petition is dismissed without prejudice.

## BACKGROUND

Petitioner is a citizen of Mexico detained by ICE at the Torrance County Detention Facility in New Mexico.

Petitioner was removed form the United States in 2004. Doc. 6 at 2. On January 19, 2024, Petitioner again attempted illegal entry into the United States. *Id.* at 2. He was convicted of attempted illegal re-entry. *Id.* Following his conviction, he was placed on supervised release and granted parole into the United States.

On September 4, 2025, Petitioner was convicted of public intoxication in Kentucky. *Id.* On October 20, 2025, the Eastern District of Kentucky ordered his continued detention to face allegations of violations of conditions of release, including failure to report and relocation without notification to his probation officers. *Id.* On December 3, 2025, his supervised release was revoked by the Western District of Texas. *Id.*

On December 4, 2025, Petitioner was transferred to immigration detention for removal proceedings. Doc. 6 at 2. On April 30, 2026, Petitioner requested and was granted a bond review hearing. Doc. 6 at 2-3. The immigration judge denied bond or release, reasoning as follows:

> The Department of Homeland Security has demonstrated by clear and convincing evidence that the Respondent's continued detention is justified. The Department of Homeland Security has demonstrated by clear and convincing evidence that the Respondent is a danger to the community and an irremediable flight risk. The Respondent has been previously removed from the United States. The Respondent has been convicted of Reentry of a Removed Alien. The Respondent has been convicted of Public Intoxication and Disorderly Conduct.

Doc. 6-7 at 1. On May 27, 2026, an immigration judge ordered Petitioner removed to Mexico. Petitioner appealed the removal order, and the appeal remains pending before the Board of Immigration Appeals. Doc. 6 at 3.

Petitioner assert the following claims. First, he asserts that his detention is prolonged in violation of the Fifth Amendment, as he has been in immigration detention for eight months. Doc. 1 at 3. Second, Petitioner appears to challenge his removal order, asserting that he cannot be removed because he fears his life is at risk in Mexico. Doc. 1 at 5. Third, Petitioner asserts that he was arrested without a warrant and arrested due to his race. Doc. 1 at 6.

**DISCUSSION**

I.    <u>**Petitioner has not demonstrated that his detention violates due process.**</u>

Petitioner summarily asserts that his detention is prolonged in violation of due process. As explained below, Petitioner has received the remedy for prolonged detention, a bond hearing. Therefore, the Court denies this claim.

Petitioner was transferred to immigration detention on December 4, 2025 and he received a bond hearing on April  30, 2026. Petitioner has not carried his burden to show that his detention is prolonged and violates due process, or that he is entitled to a second bond hearing or release. To be sure, some courts have held that noncitizens detained under § 1226(a) pending a decision on removal are entitled to a bond hearing after their detention becomes prolonged. The Second Circuit held that detainees are entitled to an additional bond hearing after their detention becomes prolonged. *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020). On the other hand, the Third and Ninth Circuits found that § 1226(a) did not entitle the petitioner to an additional bond hearing after detention becomes prolonged. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022). The Court need not decide which line of cases to follow. Here, Petitioner recently received a bond hearing on April 30, 2026, and therefore he has received the remedy for prolonged detention. Moreover, Respondents agree that he is entitled to additional bond hearings under § 1226(a) if he requests them. Petitioner does not assert that any additional requests for bond hearings were denied. Petitioner has not demonstrated that he is entitled to release over a bond hearing.

Alternatively, Petitioner has not demonstrated how his detention is prolonged in violation of due process.  Petitioner summarily asserts a due process claim, but does not analyze his claim

or submit authority in support of his claim. For example, should the Court apply the *Mathews* factors, and if so, how do those factors apply to the facts of this case? Considering the burden of proof as well as principle of party presentation, the Court declines to adjudicate a due process claim *sua sponte* without briefing by the parties.  Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Petitioner is also responsible for asserting his own arguments and claims, and the Court is not required to argue on his behalf or act as his counsel. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th

Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him."); *see also* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced.").

These principles apply even where a party is pro se. Although pro se pleadings should be construed liberally, a district court may not act as a pro se party's advocate, advancing arguments or facts on their behalf. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."). Moreover, pro se parties must comply with the same procedural rules and law as counseled parties. *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994). Here, Petitioner failed to argue or carry his burden to show a due process violation for prolonged detention.

Alternatively, Petitioner has not cited to any authority that release is the appropriate remedy over a bond hearing for prolonged detention under § 1226(a). Therefore, Petitioner failed to carry his burden.

II.   **Petitioner's challenge to his removal.**

Petitioner was ordered removed by the immigration court. However, he asserts a claim seemingly challenging his removal order, stating that he fears returning to Mexico, as he believes his life would be in danger. To the extent Petitioner challenges his removal order, the Court lacks jurisdiction over such a claim. Courts do not have jurisdiction to consider certain immigration-related matters. Relevant here is 8 U.S.C. § 1252(b)(9), a "general jurisdictional limitation" and

"unmistakable 'zipper' clause," that "channels review of all decisions and actions leading up to or consequent upon final orders of deportation in the courts of appeal, following issuance of an order of removal." *Mukantagara v. DHS*, 67 F.4th 1113, 1115 (10th Cir. 2023) (quoting *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482–85 (1999)) (citation modified).

Section 1252(b)(9) states that "judicial review of all questions of law and fact ... arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section." It clearly prevents jurisdiction, by habeas corpus or otherwise, "to review such an order or such questions of law or fact" unless otherwise provided. § 1252(b)(9). Thus, pursuant to the "zipper clause," federal district courts lack jurisdiction over claims challenging removal orders. *See Jennings v. Rodriguez,* 583 U.S. 281, 316-17 (2018). This includes "all questions of law and fact" that arise from a removal order, and "[n]either habeas corpus" nor "any other provision of law" can be used to avoid § 1252(b)(9)'s jurisdictional bar. *Id.* at 317.

However, this zipper clause does not extend broadly "to cut off claims that have a tangential relationship with pending removal proceedings." *Mukantagara*, 67 F.4th at 1116 (quoting *Canal A Media Holding, LLC v. USCIS*, 964 F.3d 1250, 1257 (11th Cir. 2020)). Rather, the narrow provision channels actions related to removal claims into a single petition for review. *See id.* ("A claim only arises from a removal proceeding when the parties in fact are challenging removal proceedings."). Here, Petitioner was ordered removed and he clearly challenges his removal order, stating that he fears returning to Mexico.

Alternatively, assuming the Court has jurisdiction over his challenge to his removal proceedings, Petitioner does not assert that his removal proceedings violate due process or explain

why the Court should enjoin his removal.  Although he fears returning to Mexico, he has not explained why this issue cannot or should not be adjudicated in the removal proceedings.

### III.      Alleged Fourth Amendment violation.

Petitioner appears to assert that his arrest without a warrant violates the Fourth Amendment. The Court finds this claim is not well taken. First, Petitioner fails to argue or cite to authority that a Fourth Amendment violation mandates his release when his detention is otherwise lawful. Second, he fails to explain why a bond hearing is an inadequate remedy.

Generally, Fourth Amendment precedent does not favor immediate release over a bond hearing, as the remedy for a Fourth Amendment violation is generally suppression of unlawfully seized evidence. Evidence collected as part of an unconstitutional seizure may be inadmissible. *United States v. Samilton*, 56 F.4th 820, 826 (10th Cir. 2022) (citing *Terry v. Ohio*, 392 U.S. 1, 29 (1968)). However, "an illegal arrest has no bearing on a subsequent deportation proceeding." *United States v. Olivares-Rangel*, 458 F.3d 1104, 1110 (10th Cir. 2006) (quoting *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984)). "It was in [the context of a deportation proceeding] in which the Court noted that the 'body' or identity of a defendant is never suppressible as fruit of an unlawful arrest." *Id.*

Generally, the purpose of a habeas petition under § 2241 is to test whether a petitioner's *current* detention is lawful, and a *prior* unlawful arrest does not require release when detention is otherwise lawful. *See United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) (finding that a habeas petition is "not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest"); *see also Stone v. Powell*, 428 U.S. 465, 485 (1976) (noting that

"judicial proceedings need not abate when the defendant's person is unconstitutionally seized") (citing *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975)); *Walker v. Wainwright*, 390 U.S. 335, 337 (1968) (As the Supreme Court has recognized, "the great and central office of the writ of habeas corpus is to test the legality of a prisoner's current detention."). As explained above, Petitioner's current detention is otherwise lawful under § 1226(a), and any unlawful arrest need not result in his release. Petitioner was detained due to an alleged crime which eventually led to his conviction. He was also detained due to violations of his supervised release. He received detention hearings in both federal district court and the immigration court. His supervised release for illegal re-entry was revoked, and he fails to explain how his transfer to immigration detention from criminal detention violates the Fourth Amendment or any constitutional right. As explained above, it is not the Court's duty to act as his attorney or present arguments on his behalf.

Assuming an egregious violation of the Fourth Amendment could result in release, Petitioner did not argue or allege in his Petition that his seizure was an egregious violation under the Fourth Amendment. *See Yanez-Marquez v. Lynch*, 789 F.3d 434, 449–50 (4th Cir. 2015) (joining other circuits to hold that in civil removal proceedings, exclusionary rule applies to "egregious" violations of the Fourth Amendment). Accordingly, in light of relevant precedent and Petitioner's failure to argue why immediate release is required over a bond hearing, the Court finds that any Fourth Amendment violation that may have occurred here does not warrant immediate release.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED**[1].

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

---

[1] To the extent the Court lacks jurisdiction, the Petition is dismissed without prejudice.